Grover, J.
 

 The counsel for the appellant insists that the order of the Court of Sessions is void upon its face, for the reason that it requires the appellant to pay weekly tor the
 
 *524
 
 support of his indigent father the sum of one dollar and ninety-one cents per week, while it requires his brother to contribute for the same purpose the sum of one dollar and nine cents. Section 1, vol. 1, of the ¡Revised Statutes, 614, determines who shall be liable for the support of indigent persons. Section 2 provides the mode of compelling the performance of this duty in case of failure of voluntary performance. Section 3 prescribes the manner of the hearing of the application by the court, and the order in which the relatives, being of sufficient ability, are required to provide for the support. Sec. 4 provides that if it shall appear that any such relative (referring to all the degrees) is unable wholly to maintain such poor person, but is able to contribute toward his support, the court may, in its discretion, direct two or more relatives of different degrees to maintain such poor person, and shall prescribe the proportion which each shall contribute for that purpose; and if it shall appear that the relatives liable as aforesaid are not of sufficient ability wholly to maintain such poor person, but are able to contribute something, the court shall direct the sum, in proportion to their ability, which such relatives shall pay weekly for that purpose. The first clause of this section was intended to provide for cases where ■ the relatives of the degree primarily liable, were able to contribute something, but unable wholly to support the indigent person, and in these cases the counsel concedes that the court has power to prescribe what sum shall be respectively paid by each. The second clause of the section provides for cases where any particular relative is unable wholly to support such person, or where one of several equally liable is unable to contribute his entire proportion of such support, but is able to contribute something, and authorizes the court in such cases to require such person to contribute in proportion to his ability. The order contains a recital that the appellant and his brother are of sufficient ability to support their father, and determines the sum necessary for such purpose is three dollars a week. That of this sum the appellant shall pay
 
 *525
 
 one dollar and ninety-one cents a week, and his brother one dollar and nine cents. This was, in effect, a determination that the brother was unable to pay Ms entire proportion, but was able to pay the sum fixed by the court. This was authorized by the statute. Had the brother been unable to contribute anything, the court might have required the appellant to pay the entire sum. The order was duly served upon the appellant, and payment demanded, which was refused. It is now insisted that the sum due upon the order could not be recovered, for the reason that it was agreed, with the consent of the plaintiff’s agent, between the appellant and his brother, that the latter should board their father, and receive therefor from the former one dollar and ninety-one cents a week while he kept him, and that the appellant might at any time take and board him upon giving thirty days’ notice, and that he had given such notice. It appeared that the father had been kept a part of the time by a brother and a part of the time by a sister. The appellant had neither paid nor done anything toward Ms support. His promise so to do was not a satisfaction of the money payable upon the order. The judge was right in directing a verdict for the plaintiff for that amount, and the judgment of the General Term affirming the same must be affirmed with costs.
 

 All concur.
 

 Judgment affirmed.