## UNITED STATES v. OLLINGER.[1]

### (District Court, S. D. Alabama. May 10, 1893.)

1. EIGHT-HOUR LAW—WHO AMENABLE.

To render one amenable to the "eight-hour law" (Act Cong. Aug. 1, 1892) he must be an officer or agent of the United States, or a contractor or subcontractor whose duty it is to employ, direct, or control laborers or mechanics upon some of the public works of the United States, and he must have intentionally required or permitted such laborers or mechanics to work more than eight hours in any calendar day.

2. SAME—BUILDING BARGE TO SELL TO UNITED STATES.

The "eight-hour law" does not apply to the case of a man who, entirely at his own risk and cost, although under government inspection, builds barges which United States engineers agreed to purchase on completion for government use if found to conform to certain prescribed specifications.

At Law. On information against William Ollinger, brought under act of congress of August 1, 1892, for working employes over eight hours per day on stone barges built under the specifications of United States engineers. Defendant discharged.

M. D. Wickersham, U. S. Dist. Atty.

Guy C. Sibley, for defendant.

TOULMIN, District Judge. This case is submitted on an agreed statement of facts, and will be decided on its merits as shown by the facts. The act of congress on which this prosecution is founded provides as follows:

"That the service and employment of all laborers and mechanics who are now or may hereafter be employed by the government of the United States, by the District of Columbia, or by any contractor or subcontractor upon any of the public works of the United States or of the District of Columbia, is hereby limited and restricted to eight hours in any one calendar day, and it shall be unlawful for any officer of the United States government, or of the District of Columbia, or any such contractor or subcontractor whose duty it shall be to employ, direct, or control the services of such laborers or mechanics, to require or permit any such laborer or mechanic to work more than eight hours in any calendar day, except in case of extraordinary emergency."

Sec. 2. "That any officer of the United States government or of the District of Columbia, or any contractor or subcontractor whose duty it shall be to employ, direct, or control any laborer or mechanic employed upon any of the public works of the United States or of the District of Columbia, who shall intentionally violate any provision of this act, shall be deemed guilty of a misdemeanor, and for each and every such offense shall, upon conviction, be punished by a fine not to exceed one thousand dollars, or by imprisonment for not more than six months, or by both such fine and imprisonment, in the discretion of the court having jurisdiction thereof."

To render the defendant amenable to this law he must have been an officer or agent of the government of the United States, or a contractor or subcontractor whose duty it was to employ, direct, or control laborers or mechanics employed upon some of the public works of the United States. He must have intentionally violated the provisions of this act by requiring or permitting such laborers

[1]Reported by Peter J. Hamilton, Esq., of the Mobile bar.

or mechanics to work more than eight hours in any calender day. It is not claimed that he is an officer or agent of the government of the United States, but the contention is that he is a contractor employed upon public work of the United States, having under his employment, direction, and control laborers and mechanics engaged in said public work, and who were by him required or permitted to work more than eight hours in any one day.

Assuming that this is intended as a charge that defendant was a contractor upon the public works of the United States, whose duty it was to employ, direct, or control laborers and mechanics employed upon said public works, I will consider ·it as such. The facts of the case are that Capt. Philip M. Price, of the corps of engineers of the United States, and on behalf of the government of the United States, invited the defendant to bid for the building of two stone barges, which, upon certain conditions, were subject to the acceptance or rejection of the government authorities; that the defendant, on the 2d of March, 1893, proposed to furnish to the government of the United States the two stone barges complete for the sum of $2,470, and to deliver them at Mobile, Ala., within 40 days after receipt of order for them; and agreed to execute the work according to specifications and drawings to be furnished him. This proposal was made to Capt. Philip M. Price on the 13th of March, 1893. He accepted it in writing, and in his letter of acceptance says, if the barges be built according to specifications furnished, and are delivered at Mobile, Ala., within 40 days after the receipt of his (Price's) letter, they will be pur- ·chased from defendant at price stated, viz. $2,470. In his letter Capt. Price says: "During the building of the barges proper facilities must, of course, be afforded my agent for inspecting material and workmanship." Under this agreement defendant commenced work on the barges on March 20, 1893, and for several days worked his men nine hours per day, instead of eight hours per day. A short time thereafter this prosecution was commenced, and the case now comes before the court for its decision on an agreed statement of facts, as herein above set forth.

In my opinion, a statement of the facts is alone sufficient to show that the act of congress under which this prosecution is sought to be maintained has no application to the case. It is doubtful whether the defendant could ever be considered a contractor. If a contractor, he was a contractor to furnish to the government of the United States two barges, to be delivered within 40 days from the making of the contract, which, if built according to certain specifications furnished him, were to be purchased by the government from him. The barges were his, and were to be his until the government purchased them. They might or might not become the property of the government. The transfer of title to them depended upon conditions which could not be determined until the barges were completed. It is clear to me that the building of the barges was in no sense a part of the public works; no more so than the mining of coal contracted to be fur-

nished to the navy and marine service of the United States according to specifications as to quantity and quality, or the furnishing under contract with the government of the United States of lumber and brick to be used in building quarters at Mt. Vernon barracks for officers or soldiers or any other public use, according to specifications as to kind, quality, and quantity. It would hardly be contended that the mining of such coal, the sawing of the lumber, or making the bricks, would be public works in contemplation of the act of congress, or that the laborers engaged in the work of mining and in making the lumber and bricks were the laborers whose services and employment congress has undertaken to regulate and limit. I fail to see any difference in principle in the cases mentioned and that under consideration.

Furthermore, the act of congress provides that it shall be unlawful for any such contractor—not a contractor to do work for the United States, but a contractor upon any of the public works of the United States—whose duty it shall be to employ, direct, or control the services of such laborers or mechanics, to require or permit them to work more than eight hours in any calendar day; manifestly referring to laborers and mechanics employed upon such public works of the United States. There was no duty expressly or impliedly imposed on the defendant by his contract to employ, direct, or control any laborer or mechanic on the work of building the barges. It does not appear that the defendant employed any laborers or mechanics on the work. It appears that he had men who worked, but whether as employes or subcontractors does not clearly appear. If he employed them as laborers and mechanics, he did so for his own benefit, and not because of any duty on him arising out of his contract with the government. It is clear, I think, that the defendant was not a contractor within the purview of the act of congress. In view of the previous legislation on the subject by congress, in view of the limited power of congress to legislate on the subject, which power can only be exercised as applying to laborers and mechanics who may be employed by or on behalf of the government of the United States, I am satisfied that it never was the legislative understanding and intent that the act should apply to a case like the one at bar.

The defendant should be discharged, and it is so ordered.