THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN F. JEWETT, Appellant.

*Appeals from Courts of Special Sessions — review confined to errors alleged in the affidavit for appeal — a valid conviction not affected by a subsequent invalid act of the justice.*

On an appeal from a judgment of a Court of General Sessions rendered upon an appeal from a Court of Special Sessions, the General Term will consider only the grounds of error alleged in the affidavit for appeal presented under section 751 of the Code of Criminal Procedure.

Upon the conviction of a defendant on a trial in a Court of Special Sessions, concluded on Saturday evening, the justice who held the court pronounced a valid sentence of fine and imprisonment, and made out a certificate of conviction in accordance therewith, but at the request of the defendant did not deliver the certificate to an officer that night, and the defendant was permitted to go at large for the time being. On the next day, Sunday, the justice assumed to modify the sentence so as to impose a fine, which was in excess of the limit of fifty dollars prescribed by section 717 of the Code of Criminal Procedure, and made out what purported to be a new certificate of conviction, and delivered it to a constable, but with a direction not to take the defendant into custody until Monday afternoon. On Monday morning the justice withdrew from the constable the certificate of conviction made on Sunday and delivered to him the valid certificate which had been made out on Saturday, and the defendant was arrested. The defendant was allowed an appeal on an affidavit which alleged as error that the sentence and certificate imposed and made on Sunday were void and of no effect.

*Held,* that while the sentence and certificate referred to in the affidavit for appeal were void and of no effect, that fact did not affect the valid judgment and certificate rendered and made on Saturday, which ended the jurisdiction of the Court of Special Sessions over the case.

APPEAL by the defendant, Benjamin F. Jewett, from a judgment of the Court of Sessions of Wyoming county, entered in the office of the clerk of that county on the 31st day of January, 1893, affirming the judgment of a Court of Special Sessions of the town of Genesee Falls, convicting the defendant of the crime of assault in the third degree, also from an order denying the defendant's motion to be allowed to amend his notice of appeal to the Court of Sessions so as to show that some of the jurors on the trial drank strong and spirituous liquor.

*H. H. Relyea,* for the appellant.

*G. W. Botsford, District Attorney,* for the respondent.

DWIGHT, P. J. :

Counsel for the appellant in his brief and argument in this court propounded several alleged errors which were not mentioned in the affidavit presented to the county judge upon which the appeal to the Court of Sessions was allowed. (Code Crim. Pro. § 751.) These allegations of error could not properly have been considered by the court from whose judgment this appeal is taken, nor will they be considered here. The statute above cited requires that the affidavit of appeal must state " the facts showing the alleged errors in the proceedings or conviction complained of," and by provisions of the following section (§ 752) it is only when, in the opinion of the judge to whom the affidavit is presented, " the question arising on the appeal should be decided by the Court of Sessions," that the appeal will be allowed. Moreover, by the provisions of section 756 of the same statute, it is only to the " matters stated in the affidavit " that the magistrate or court rendering the judgment is required to make return.

Under these several provisions of the statute it has been well held that it is only the grounds of error alleged in the affidavit which will be considered on the appeal so allowed. (*People ex rel. Baker* v. *Beatty,* 39 Hun, 476 ; *People* v. *McGann,* 43 id. 55.)

In this case the only allegation of facts as ground of error, contained in the affidavit, which requires to be considered, is to the

effect that after the Court of Special Sessions had sentenced the defendant to fine and imprisonment, on the rendition of the verdict on Saturday night, the justice who held the court assumed to reopen it on the next day (Sunday), and revoked the former sentence, and then sentenced the deponent to pay a fine of seventy-five dollars, and stand committed until paid, etc., and then and there delivered a commitment or certificate of conviction accordingly, to a constable of the town, and the errors alleged are that such " conviction and sentence is void and of no effect, for the reason that the court had no power to fine the deponent to exceed fifty dollars, under section 717 of the Code of Criminal Procedure, and, *second,* no right to sentence deponent on Sunday, and, *third,* no right to revoke his sentence in any manner."

It is quite true that the sentence and certificate of conviction here referred to are " void and of no effect," for the reasons, or some of them, above stated; but because they are so void and of no effect they do not affect the valid judgment which was pronounced on Saturday, and the proper certificate of conviction which was made out and signed on the same day, and was delivered to the proper officer on Monday morning.

The facts, as they appear by the return and further return of the justice, are as follows : The trial of the defendant was concluded and the verdict of the jury rendered on the evening of Saturday, August thirteenth. At that time judgment was pronounced sentencing the defendant to pay a fine of fifty dollars, and to be imprisoned in the county jail for the period of thirty days, and at the same time a certificate of such conviction was made out and signed by the justice, but at the request of the defendant and his counsel was not delivered to the officer that night, and the defendant was permitted to go at large for the time being. That night and the next day the justice was urged by the defendant's counsel to remit the sentence of imprisonment, and instead of it to increase the amount of the fine, which it was promised should be immediately paid. On Sunday the justice, induced by the persuasion of the defendant's counsel, and his advice that it was competent and lawful to do so, assumed to modify the sentence so as to impose a fine of seventy-five dollars without imprisonment, except until the fine was paid, and to make out and sign what purported to be a new

certificate of conviction, and to deliver it to a constable, but with the direction not to take the defendant into custody until Monday at three o'clock in the afternoon ; this time being given at the request of the defendant's counsel to enable him to raise the money with which to pay the fine of seventy-five dollars.

But on Monday morning the justice having learned that the whole of the action of Sunday was probably "void and of no effect," withdrew the void certificate of conviction from the constable, and delivered to him the valid certificate which was made out on Saturday, and the defendant was arrested thereon.

It will be seen that there is nothing in this narrative which impugns in any degree the validity and binding effect of the judgment pronounced on Saturday evening, or of the certificate of such conviction made out at that time. Both were, so far as appears by the record before us, entirely regular and valid. The defendant stood lawfully convicted of the crime with which he was charged, lawfully sentenced to a fine and imprisonment which were within the limits of the statute, and a certificate of such conviction and sentence was duly prepared, and was subject to be executed whenever delivered to the proper officer.

This was the end of the jurisdiction of the Court of Special Sessions over the case. That court, organized *pro hac vice*, thereupon became *functus officio*, and the justice who had held it had no power to reorganize or reopen it for any purpose whatever in connection with this case. All the proceedings of Sunday were without jurisdiction, and were, indeed, void and of no effect. (*Lattimore* v. *The People*, 10 How. Pr. 336 ; *The People ex rel. Cook* v. *Smith*, 28 N. Y. St. Repr. 306.) The valid judgment in the case pronounced on Saturday, was unaffected thereby, and was properly affirmed by the Court of Sessions.

It follows that the judgment of the last-named court must also be affirmed.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Judgment and conviction of the Court of Sessions of Wyoming county, appealed from, affirmed, and case remitted to that court to proceed therein.