THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY J. WARREN, Appellant.

*Section 504 of title 24 of chapter 105 of 1891 is not in violation of the Constitution of the State or of the United States.*

Section 504 of title 24 of chapter 105 of the Laws of 1891, providing that in contracting for any work to be done for the city of Buffalo the contractor "shall bind himself, in the performance of such work, not to discriminate either as to workmen or wages against members of labor organizations, or to accept any more than eight hours as a day's work, to be performed within nine consecutive hours," is not unconstitutional, void or in violation of the provisions of section 1 of article 14 of the Constitution of the United States, or of the provisions of section 1 of article 1 of the Constitution of the State of New York.

APPEAL by the defendant, Henry J. Warren, from a judgment of the Court of Sessions, held in and for the county of Erie, entered in the office of the clerk of the county of Erie on the 9th day of November, 1893, affirming the judgment and sentence of the Police Court of the city of Buffalo, convicting the appellant of a misdemeanor in violating section 504 of title 24 of chapter 105 of the Laws of 1891.

*F. R. Perkins,* for the appellant.

*D. J. Kenefrick, Assistant District Attorney,* for the respondent.

DWIGHT, P. J.:

The offense charged in the complaint before the police magistrate was a violation of section 504 of chapter 105 of the Laws of 1891, entitled "An act to revise the charter of the city of Buffalo." The following is the text of the section mentioned: "In contracting for any work required to be done by the city a clause shall be inserted that the contractor submitting proposals shall bind himself in the performance of such work not to discriminate either as to workmen or wages against members of labor organizations, or to accept any more than eight hours as a day's work, to be performed within nine consecutive hours. Nor shall any man or set of men be employed for more than eight hours in twenty-four consecutive hours except in case of necessity, in which case pay for such labor shall be at the rate of time and one-half for all time in excess of such eight hours."

In October, 1893, the Barber Asphalt Paving Company was engaged, under a contract with the city of Buffalo, in paving Delaware avenue in that city. The defendant was the superintendent of the company, and as such was charged with the hiring of laborers employed on the work, and regulating and prescribing their hours of labor. On the ninth, and several successive days of that month, the defendant employed the complainant and other laborers on the work mentioned, and caused them to work ten hours of the twenty-four hours of each day. There was no special necessity for extra labor, and no extra wages were paid or promised therefor.

The defendant having been convicted in the Police Court of a misdemeanor for violating the prohibition contained in the statute quoted above, appealed from that judgment to the Court of Sessions, and in his affidavit of appeal he alleged as the sole ground of error that the statute in question was " unconstitutional and void, and in violation of and contrary to article 14, section 1 of the Constitution of the United States, which reads as follows: ' No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;' also section 1 of article 1 of the Constitution of the State of New York, which reads as follows: ' No member of this State shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers.' "

No other ground of error is argued or suggested on this appeal,

and no other can properly be considered here. (*People ex rel. Baker* v. *Beatty*, 39 Hun, 476; *People* v. *McGann*, 43 id. 55; *People* v. *Jewett*, 69 id. 550.)

The objection specified we regard as wholly without force. The only right, privilege or immunity of any citizen of the United States which, it is charged, may be abridged — or of which, it is charged, any member of this State may be deprived by the operation of the statute in question — is what has been called, in language quoted by counsel, " the sacred right of labor ; " by which we understand to be intended the right of every man to do such lawful work as he finds employment to do, on such terms as he can agree upon with his employer. We do not understand that there is any right of labor which goes beyond that. No man has a right to labor for me unless I employ him, and in fixing the terms of the employment my right is as good as his. He can no more compel me to his terms than I can compel him to mine. If my terms do not suit him he may seek employment elsewhere; if his terms do not suit me I may employ another man. Thus the liberty of both is respected, and no right of either is infringed. Of course, the terms of employment include the hours of labor. I may hire a man to work for me by day or by night, and for one hour or twelve of the twenty-four. And so might the city of Buffalo, except that, in respect to one class of work, viz., that done under contract, it chose to have a provision inserted in its organic law to the effect that such work should be done for it by day's work of eight hours each, and that all its contracts should so provide.

By means of the statute in question, therefore, the terms of employment of laborers on contract work for the city of Buffalo are fixed, on the part of the city, and it remains for the laborer seeking employment to accept or refuse those terms. If he insists upon working more than eight hours a day he may seek other employment, either for the whole or for the excess of his time. His liberty of choice is not interfered with, nor his right to labor infringed. As in the illustration previously employed, he has no right to labor for the city of Buffalo except upon the terms offered in its behalf.

We see, on principle, no ground for the contention of the appellant, that the statute in question violates any provision of the

Constitution either of this State or of the United States; and we believe that contention to be equally unsupported by authority. The question involved in the familiar cases cited by counsel for the appellant does not seem to be germane to the discussion in the case before us. Those are *The Slaughter House Cases* (83 U. S. [16 Wall.] 97); *The Stockton Laundry Case* (26 Fed. Rep. 611); *The Oleomargarine Case* (*People* v. *Marx*) (99 N. Y. 386); *The Tenement House Tobacco Manufactory Case* (*Matter of Jacobs*) (98 id. 98), and others of similar purport and effect. The principle upheld and enforced in all these cases is that among the rights, privileges and immunities, mentioned in the two constitutional provisions above quoted, which of right belong to citizens of all free governments, is to be numbered (in the language of FIELD, J., in the *Slaughter House Cases*), " The right to pursue a lawful employment in a lawful manner without other restraint than such as equally affects all persons." We think it very clear, from the discussion already had, that the principle so amply defended is not impugned by the statutory enactment there in question. In order to be obnoxious to the principle so defined the statute must do something more than fix the terms upon which a single municipal corporation may require laborers on its works to be employed.

A precisely similar statute was enacted in 1892 by the Congress of the United States, in respect to the employment of laborers on the public works of the government or of the District of Columbia. We are not aware that the constitutionality of that act has ever been questioned. Its particular application was disputed by the defendant and denied by the court in the case of *The United States* v. *Ollinger* (55 Fed. Rep. 959). But the decision was distinctly upon the ground that the defendant was not a contractor with the government within the meaning of the statute. No such question is presented in this case.

With neither authority to support it, nor a clear balance of reason in its favor, the contention of the defendant must be disallowed.

The judgment appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and conviction of the Court of Sessions of Erie county appealed from affirmed and case remitted to that court to proceed thereon.