THE PEOPLE ex rel. HENRY J. WARREN, Appellant, *v.* AUGUST
BECK, as Sheriff, etc., Respondent.

The provision of the charter of the city of Buffalo, as revised in 1891
(§ 504, chap. 105, Laws of 1891), which provides that in contracting for
any work by the city a clause shall be inserted in the contract binding
the contractor not to discriminate in the performance of the work
against members of labor organizations, or to accept any more than
eight hours as a day's work, is not penal in its character, but simply
directory as to certain provisions to be inserted in the contract.

A contract for certain city work was entered into between it and a corpora-
tion.    The contract contained the clause required by the charter.    The
superintendent of the company in carrying out the contract employed
men at agreed wages for a day's work of ten hours.    Said superintend-
ent was convicted in the Police Court of said city of a misdemeanor in
violating said provision.    *Held,* that the arrest, trial and conviction were .

without jurisdiction and void; that the clause did not in any way apply to the superintendent; also, that the clause could not be the basis for the criminal indictment of any person for a misdemeanor.

(Argued December 10, 1894; decided December 18, 1894.)

APPEAL from order of the General Term of the Superior Court of the city of Buffalo, made October 8, 1894, which affirmed an order of the Special Term vacating a writ of habeas corpus issued on behalf of the relator.

The facts, so far as material, are stated in the opinion.

*John G. Milburn, Frank R. Perkins* and *A. S. Worthington* for appellant.

*Daniel J. Kenefick* for respondent.

BARTLETT, J.    The relator was convicted in the Police Court of the city of Buffalo of a misdemeanor for violating section 504, ch. 105, L. 1891, entitled "An act to revise the charter of the city of Buffalo." That section is as follows: "In contracting for any work required to be done by the city a clause shall be inserted that the contractor submitting proposals shall bind himself in the performance of such work not to discriminate either as to workmen or wages against members of labor organizations, or to accept any more than eight hours as a day's work, to be performed within nine consecutive hours. Nor shall any man or set of men be employed for more than eight hours in twenty-four consecutive hours except in case of necessity, in which case pay for such labor shall be at the rate of time and one-half for all time in excess of such eight hours."

After the passage of this act the Barber Asphalt Company, a corporation organized under the laws of West Virginia, entered into a contract with the city of Buffalo to pave a portion of Delaware avenue.

The relator was the superintendent of the company. In carrying out this contract men were employed at agreed wages for a day's work of ten hours.

1894.]      People ex rel. Warren *v.* Beck.      227

N. Y. Rep.]      Opinion of the Court, per Bartlett, J.

For this employment the relator was tried and convicted.

The conviction was affirmed by the General Term of the Supreme Court.

As this court could not review upon appeal the judgment of the General Term a writ of habeas corpus was sued out for the avowed purpose of testing the constitutionality of the provision in the charter of the city of Buffalo already quoted.

The Special Term of the Superior Court of the city of Buffalo dismissed the writ and the General Term affirmed that decision. From the latter order an appeal was taken to this court.

In the courts below elaborate opinions were delivered in which the alleged unconstitutionality of the clause in question was discussed at length. In the view we take of this appeal it is unnecessary to consider the constitutional question sought to be presented.

The clause in the charter of the city of Buffalo now under examination is found near the close of a lengthy act under the heading of " General Provisions," and is wholly administrative in its nature, and directs in detail the manner in which contracts shall be drawn relating to any work required to be done by the city; it is not penal in character, nor does it impose upon any one entering into a contract with the city any duty or obligation whatsoever; it simply deals with the general subject of contracts and prescribes certain provisions to be inserted by the city in any contract.

When the city of Buffalo entered into the contract with the Barber Asphalt Company, which is the basis of this proceeding, it inserted therein the provisions required by this clause of the charter. We are not called upon at this time to decide the legal effect of the alleged violation of these provisions by the Barber Asphalt Company.

We do hold, however, that this clause does not in any way apply to the relator, and that his arrest, trial and conviction were without jurisdiction, and void.

We are also of opinion that this clause cannot be the basis for the criminal indictment of any person for a misdemeanor.

The order appealed from vacating the writ of habeas corpus should be reversed and the discharge of the relator granted.

All concur.

Ordered accordingly.