(32 Misc. Rep. 78.)

### PEOPLE ex rel. ROGERS v. COLER, Comptroller.

(Supreme Court, Special Term, New York County. June, 1900.)

1. MASTER AND SERVANT—VALIDITY OF LABOR LAW.
    Labor Law 1897, c. 415, as amended by Laws 1899, c. 567, providing that laborers and workmen employed on public works shall be paid the prevailing wage rate for a day's work in the same trade or occupation in the locality within the state where such public work is to be performed, and that each contract for such public work shall stipulate that it is to be void unless the person making it comply with such provision, is a valid exercise of legislative power, since the legislature may determine the amount of wages to be paid by a municipality to those in its employ.

2. SAME—APPLICATION TO CONTRACTORS WITH MUNICIPALITIES.
    Labor Law 1897, c. 415, as amended by Laws 1899, c. 567, providing that laborers and workmen employed on public works shall be paid the pre-

vailing wage rate for a day's work in the same trade or occupation in the locality within the state where such public work is to be performed, and that each contract for such public work shall stipulate that it is to be void unless the person making it comply with such provision, applies to an independent contractor with a municipality for a public work, since by accepting the contract containing such stipulation he became the recipient of all its benefits, and cannot be heard to repudiate the obligations assumed thereby.

Application by the people, on relation of William J. Rogers, against Bird S. Coler, as comptroller, for mandamus.  Application denied.

Kellogg, Rose & Smith, for relator.

John Whalen, Corp. Counsel (E. J. Freedman, of counsel), for respondent.

LEVENTRITT, J.   This is an application for a peremptory writ of mandamus commanding the respondent to deliver to the relator a proper warrant on the city chamberlain for the payment of an amount earned under the relator's contract with the city of New York.   The respondent has refused the warrant on the ground that the relator has failed to comply with the provisions of the labor law (chapter 415, Laws 1897, as amended by chapter 567, Laws 1899), incorporated in his contract, in that he has not paid the prevailing rate of wages.   The facts are undisputed; the relator resting his rights on the claim that the contract provision in question is unconstitutional, and is therefore to be disregarded.   The law of 1897 provided that the prevailing rate of wages should be paid on all work done "for the state or a municipal corporation, or for contractors therewith."   Although the provision applicable to the state or municipal corporation is omitted in the law of 1899, the appellate division, in the recent case of McAvoy v. City of New York (June 8, 1900) 65 N. Y. Supp. 274, held that the present statute intended to protect those who are employed by a municipal corporation on public works, as well as those who are employed by contractors to do like work for a city.   In that case the court say:

"The policy of the law is that laborers, mechanics, and workmen employed upon public work shall receive the prevailing rate of wages paid in the locality where they are employed."

It is, I think, as little subject to dispute that the legislature or the government may determine the amount of wages to be paid by a municipality to those in its employ, as it is clear that in the absence of considerations of public health, morals, and safety, it is without power to prescribe terms between individual employer and employé. McAvoy v. City of New York, supra;  People v. Warren, 77 Hun, 120, 28 N. Y. Supp. 303;  People v. Beck, 10 Misc. Rep. 77, 78, 30 N. Y. Supp. 473;  United States v. Martin, 94 U. S. 400, 24 L. Ed. 128.   The relator argues that, as an independent contractor, he falls within the latter class, and that the legislature was without power to limit his right to contract.   His contention is, I think, answered by the case of People v. Beck, 10 Misc. Rep. 77, 30 N. Y. Supp. 473.   There the construction of a section of the charter of the city of Buffalo providing that contractors with the city should bind themselves not

to accept more than eight hours as a day's work was involved, and Hatch, J., said:

"Had the city itself performed this work, it would have been within the rule we have announced, and subject to the obligation imposed by the law. How can the defendant plead exemption from such statute, when it has voluntarily, in terms, incorporated it in its contract, and agreed to be bound by and carry out its terms?"

The act of the relator in entering the competition for the municipal work was voluntary. He was advised by the usual advertisement of the terms of the contract. He knew that the city was under obligation, by virtue of valid legislative enactment, to pay the prevailing rate of wages. He was under no compulsion to bid for the work. He was willing to act for the city, and to assume the conditions imposed upon it, of his own free will. And, apprised of the facts, he entered into an agreement which he cannot now be heard to disavow. "Defendant, by bidding and accepting the contract, became the recipient of all the benefits which accrue therefrom, and he should not now be heard in repudiation of lawful obligations assumed thereby." People v. Beck, supra. The motion must be denied.

Motion denied.