THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THE ORANGE COUNTY ROAD CONSTRUCTION COMPANY, Respondent.

*Penal Code, § 384h, subd. 1, providing for an eight-hour work day is constitutional.*

Subdivision 1 of section 384h of the Penal Code, which provides that any person or corporation contracting with the State or a municipal corporation who shall require more than eight hours' work for a day's labor is guilty of a misdemeanor, is constitutional.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the County Court of Orange county in favor

of the defendant, entered in the office of the clerk of the county of Orange on the 13th day of February, 1902, upon the decision of the court sustaining the defendant's demurrer to an indictment for a misdemeanor under subdivision 1 of section 384h of the Penal Code of the State of New York.

*A. H. F. Seeger,* for the appellant.

*William Vanamee* [*L. Laflin Kellogg* and *Alfred C. Petté* with him on the brief], for the respondent.

PER CURIAM:

Subdivision 1 of section 384h of the Penal Code provides that any person or corporation who, contracting with the State or a municipal corporation, shall require more than eight hours' work for a day's labor is guilty of a misdemeanor, and on conviction therefor shall be punished by a fine of not less than $500 nor more than $1,000 for each offense.

The defendant was indicted for a violation of this statutory provision. A demurrer was interposed to the indictment and sustained by the County Court, and from the judgment entered upon such demurrer an appeal has been taken in behalf of the People.

The decision of the court below was based upon the proposition that the section of the Penal Code upon which the indictment is founded is unconstitutional. This conclusion appears by the opinion of the learned county judge to have been induced largely by the decision of the Court of Appeals in the case of *People ex rel. Rodgers* v. *Coler* (166 N. Y. 1), although he concedes that the question considered here was not directly involved there.

It is manifest, however, from the later decision of the Court of Appeals in *People ex rel. Lentilhon* v. *Coler* (168 N. Y. 6) that the prevailing opinion in the *Rodgers* case is not to be deemed in any wise controlling upon the question of the constitutionality of the legislation which prohibits more than eight hours of work in any calendar day under contract with the State or a municipal corporation. That question is yet to be passed upon by the court of last resort.

The constitutionality of such legislation, however, has already been considered and sustained in the appellate branch of the Supreme Court. (*People* v. *Warren,* 77 Hun, 120.) An act to

revise the charter of the city of Buffalo, passed in 1891 (Laws of 1891, chap. 105, § 504) contained this provision: " Nor shall any man or set of men be employed for more than eight hours in twenty-four consecutive hours except in case of necessity, in which case pay for such labor shall be at the rate of time and one-half for all time in excess of such eight hours." The General Term of the fifth department, speaking through DWIGHT, P. J., unanimously refused to hold that this enactment was violative either of the Constitution of the United States (14th amendt., § 1) or the Constitution of this State (Art. 1, § 1). The opinion of the presiding justice to this effect was concurred in by Justices LEWIS, HAIGHT and BRADLEY.

It is true that in a habeas corpus proceeding subsequently instituted, the Court of Appeals declared that the amendment of the Buffalo charter there in question was not penal in its character, and could not be made the basis of an indictment of any person for misdemeanor (*People ex rel. Warren* v. *Beck*, 144 N. Y. 225), but this decision did not deny or question in any respect the constitutionality of legislation restricting the period of labor upon municipal contracts to a day of eight hours. An instructive reference to this *Warren* case will be found in the dissenting opinion of PARKER, Ch. J., in *People ex rel. Rodgers* v. *Coler* (166 N. Y. 34).

Up to the present time, therefore, we find the fact to be that the only authoritative expression of opinion by the Supreme Court upon the constitutionality of such legislation as is attacked in the case at bar is the unanimous decision of the General Term of the fifth department upholding a statute of this character in the case of *People* v. *Warren* (*supra*). We think that this decision should be deemed controlling until the Court of Appeals has passed upon the question.

It follows that the judgment should be reversed and judgment directed disallowing the demurrer.

All concurred.

Judgment reversed, and judgment directed disallowing the demurrer to the indictment. If the defendant desires to review this decision in the Court of Appeals and will take steps for that purpose at once, all proceedings upon this appeal except the entry of the order will be stayed pending the appeal.