(140 App. Div. 95.)

PEOPLE v. SCHERNO et al.

(Supreme Court, Appellate Division, Third Department. September 21, 1910.)

1. CRIMINAL LAW (§ 260*)—APPEAL FROM CITY COURT—SCOPE.
   On appeal from convictions in Courts of Special Sessions and by magistrates and police justices, only such errors will be considered as are specified in the affidavit upon which the appeal is allowed.
   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 260.*]

2. CRIMINAL LAW (§ 90*)—JURISDICTION—CITY COURT OF PLATTSBURGH—JURISDICTION OF DISORDERLY PERSON.
   The Plattsburgh city charter (Laws 1902, c. 269) creates a city judge and establishes a city court. Section 139 prohibits the keeping of disorderly houses, the keeping of which is declared to make one a disorderly person, and provides that one found guilty of being a disorderly person shall be guilty of misdemeanor. The section further provides that one complained against as a disorderly person shall be brought before the city judge, who shall forthwith determine the complaint on which the arrest is made, and that on conviction, the offender can be punished, etc. Held, that the City Court has jurisdiction of the misdemeanor of being a disorderly person in such city, and one so charged is not entitled to waive examination and give bail to appear before the grand jury, nor to have the charge made presented by indictment and tried by a common-law jury.
   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 90.*]

   Houghton, J., dissenting.

Appeal from Clinton County Court.

Antoine Scherno and another were convicted of being disorderly persons, and they appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John E. Judge, for appellants.
Arthur S. Hogue, Dist. Atty., for the People.

PER CURIAM. An information was presented to the city judge of the city of Plattsburgh, charging that on the 22d day of July, 1909, at said city, the defendants committed "the crime of misdemeanor, to wit, in being a disorderly person as defined by section 139 of chapter 269 of Laws of 1902, in that at said time and place the said defendants did keep a disorderly house," and so concertedly kept and maintained the same for one year prior thereto. A warrant was issued, and the defendants were arraigned and advised of their rights to have counsel and to have an examination and to plead guilty or not guilty, and were also informed that they had the right to a jury trial. The defendants insisted that the court had no jurisdiction to try the offense

of which they were charged, and stated that they desired to waive examination and to give bail to await the action of the grand jury. The court held that he had jurisdiction to try the offense, and that the defendants were not entitled to give bail to await the action of the grand jury, and told the defendants that they might have a jury impaneled if they so desired. A jury was impaneled, and it rendered a verdict of guilty, and the defendants were each sentenced to the Albany county penitentiary for the period of three months, and, in addition, to pay a fine of $50 or stand committed until paid. After such conviction and sentence, the attorney for the defendants presented an affidavit to a justice of this court, as prescribed by sections 749–763 of the Code of Criminal Procedure, for an allowance of an appeal to the County Court of Clinton county, which was granted, and, on such appeal, the conviction was affirmed, and the defendants now appeal to this court.

The affidavit upon which the appeal was allowed states that the defendants were convicted of the crime of misdemeanor, to wit, being disorderly persons, in that they and each of them did within said city of Plattsburgh keep and maintain a disorderly house, and the errors complained of are that the defendants were not permitted to waive examination and give bail to appear before the grand jury of the county because the court had no jurisdiction to try the offense of which they were charged; the same being triable, if at all, after indictment by a common-law jury of 12 men, and, further, that the district attorney who appeared in behalf of the prosecution was permitted in summing up to go outside the record and make statements prejudicial to the defendants.

It is the settled practice that on appeals from convictions in Courts of Special Sessions and by magistrates and police justices only such errors will be considered as are specified in the affidavit upon which the appeal is allowed. People v. Jewett, 69 Hun, 550, 23 N. Y. Supp. 942; People v. McGann, 43 Hun, 55; People ex rel. Baker v. Beatty, 39 Hun, 476. The remarks made by the district attorney in summing up to the jury were not of such a character as to require a reversal of the judgment and conviction.

The defendants were not entitled to waive examination and give bail to appear before the grand jury on the charge of committing the misdemeanor of being disorderly persons in the city of Plattsburgh, or to have such charge made against them presented by indictment and tried by a common-law jury of 12 men. The charter of the city of Plattsburgh (chapter 269, Laws 1902) creates a city judge, and establishes a city court. Sections 138 and 139 define the jurisdiction of the city judge in criminal matters. Section 139 contains a long list of acts prohibited within the city of Plattsburgh, such as keeping disorderly houses, public intoxication, riotous conduct, loitering, disturbance of public meetings, defacing buildings or city property, horse racing, and the like, the doing of which is declared to make one a disorderly person. The section concludes in the following language:

"Every person found guilty of being a disorderly person as aforesaid and any person guilty of any act or acts making such person a disorderly person as herein declared, shall be guilty of a misdemeanor and on conviction thereof punished as in this act provided."

The section further provides that, when any person charged or complained against as a disorderly person shall be arrested or brought before the city judge, he "shall proceed forthwith to hear, try, and determine the complaint or charge on which such person is arrested," and, on conviction, the offender can be punished by fine not exceeding $50, or by imprisonment in the county jail of Clinton county not exceeding 6 months, or by both such fine and imprisonment. The affidavits upon which the appeal was allowed do not complain of the manner of trial of the defendants, or allege that it was error for the city judge to organize a Court of Special Sessions with a jury of six men to try the defendants. The only ground of lack of jurisdiction set forth is that there was no jurisdiction at all, because the defendants were entitled to waive examination and give bail to appear before the grand jury. This they were manifestly not entitled to do. The affidavit upon which the appeal was allowed not setting forth any errors requiring a reversal of the conviction, it follows that it must be affirmed.

Judgment of conviction affirmed.


HOUGHTON, J. (dissenting). I recognize it to be the rule that, on appeals from conviction in Courts of Special Sessions and by magistrates and police justices, the errors set forth in the affidavit upon which the appeal is allowed are the only errors concerning which the court is required to make any return, and the only errors which under ordinary circumstances the Appellate Court should consider. But where the return as made and presented to the Appellate Court shows that the trial was a nullity, and had without any jurisdiction whatever, it seems to me that the record cannot be ignored, and the court should take cognizance of the fact that an appellant has been illegally convicted.

There is some confusion in the record and dispute between counsel as to what crime was actually charged against the defendants, and of what they were really convicted. The language of the information is that the defendants committed "the crime of misdemeanor, to wit, in being a disorderly person as defined by section 139 of chapter 269 of Laws of 1902, in that at said time and place the said defendants did keep a disorderly house." The judgment of conviction contained in the record states that the defendants were convicted of keeping a "disorderly house," and the learned district attorney insists that that was the charge made against them. The undertaking given by the defendants on the allowance of their appeal recites that they were convicted of being "disorderly persons," and their counsel insists that that was the only crime with which they were charged.

The information clearly charged the defendants with "the misdemeanor of being disorderly persons in the city of Plattsburgh," and not with keeping a disorderly house. Of this misdemeanor in being a disorderly person in the city of Plattsburgh, the city judge sitting as a magistrate alone, without the impaneling of a jury, had jurisdiction to hear and determine. There is a broad distinction between a Court of Special Sessions composed of a magistrate and a jury of six men and a Magistrate's Court held by a magistrate alone. It was

such a Magistrate's Court only which the city judge was authorized to hold in disposing of the charge made against the defendants.

Section 139 of the charter makes the person who does the acts prohibited a disorderly person, and declares that, if he shall be found guilty of being a disorderly person because he has committed those prohibited acts, he shall be deemed guilty of a misdemeanor; and, on conviction, punished as the act provides. The same section further provides that one charged with being a disorderly person shall be arrested and brought before the city judge, who shall proceed forthwith to hear, try, and determine the complaint or charge on which said person is arrested. It seems to me it was clearly the intention of the Legislature to confer power upon the city judge as a magistrate to summarily try persons who were charged with committing the acts the doing of which made them disorderly persons, and to deprive the persons so charged of a trial by a special sessions jury of six men.

Section 138, which will be hereafter referred to, authorizes the city judge to hold a Court of Special Sessions for the trial of certain enumerated offenses. For the offenses specified, however, in section 139, he has no authority to hold a Court of Special Sessions, but must act as magistrate alone without the aid of a jury. It was competent for the Legislature to confer such power of summary trial upon him as a magistrate with respect to the offenses enumerated, notwithstanding the fact that the persons guilty of the disorderly acts are declared to be guilty of a misdemeanor. There was no invasion of the right of the citizen to a trial by jury for the provision of article I, § 2, Const., relating to such right, refers to the common-law jury of 12 men, and has no application to the trial of petty offenses and such misdemeanors as are triable by a Court of Special Sessions. People ex rel. Murray v. Justices, etc., 74 N. Y. 406. It was not until 1824 that the Legislature permitted a jury of six men as now allowed by section 706 of the Code of Criminal Procedure on the trial of a misdemeanor in a Court of Special Sessions. From Colonial times there has always been a class of persons known as vagrants or disorderly persons, who have been dealt with summarily before inferior magistrates, and to whom the right of trial by jury was not granted. By the act of July 27, 1721 (2 Colonial Laws, c. 410), it was provided that "idle and necessitous persons" who had come into the province from neighboring provinces and plantations to escape punishment for their crimes or the payment of their debts, and were likely to make charge and trouble to the places into which they had come, should be summarily dealt with by the mayor or justices of the peace, and transported or punished in case they were unable to give bonds. The keeping of a bawdyhouse was a misdemeanor at common law, and as early as the first Revised Statutes such keeper, together with fortune tellers, common prostitutes, common gamesters, and those who threatened to abandon their wives and children, were denominated disorderly persons. Rev. St. pt. 1, ch. 20, tit. V, § 1. It is within the power of the Legislature to add to this list of disorderly persons by including those who are guilty of acts tending to disturb the public peace and welfare, and also to provide that they be summarily tried before a magistrate. People v. Mc-

Carty, 45 How. Prac. 97; Duffy v. People, 6 Hill, 75. By the act of 1873 (chapter 357), any thief or pickpocket who had been previously convicted of that crime who was found loitering around any railroad depot, hotel, or other public place was declared to be a disorderly person, and, upon proof of his former conviction, a magistrate was given power to sentence him to the penitentiary or county jail for the period of 100 days. It was expressly held in People v. McCarty, supra, that such act was constitutional. So, too, by chapter 856 of the Laws of 1869, any person found intoxicated in a public place might be arrested and taken before a magistrate, whose duty it was declared to be to forthwith try him for the offense, and on conviction to impose a prescribed fine, and, in default of payment, a prescribed term of imprisonment. In People v. Burleigh, 1 N. Y. Cr. R. 522, the right of the Legislature to direct a trial of this offense before a magistrate alone, as distinguished from a trial in a Court of Special Sessions with a jury of six, was specifically passed upon, and it was held that the Legislature had such right, and that the law was not contrary to the Constitution. Chapter 187 of the Laws of 1881 provided that all justices of the peace and police justices and other magistrates outside the counties of New York and Kings might sentence and commit all females between the ages of 15 and 30 who had been convicted of petty larceny, habitual drunkenness, or of being common prostitutes, or frequenters of disorderly houses to the House of Refuge for Women at Hudson for a term of not more than five years, and the power thus given was upheld in People ex rel. Duntz v. Koon, 51 N. Y. St. Rep. 339, 22 N. Y. Supp. 865. The denial of the right of the magistrate to try and sentence in People ex rel. Frank v. Davis, 80 App. Div. 448, 80 N. Y. Supp. 872, was upon the ground that authority had not been clearly given by the Legislature.

Article 6, § 18, Const., provides that the Legislature may establish inferior courts of civil and criminal jurisdiction not greater, however, than County Courts possess; and from the foregoing authorities it seems clear that it can also confer upon magistrates sitting as such the right to hear and determine summarily such minor misdemeanors and offenses as it sees fit. The Legislature also had the right to make it a misdemeanor to be a disorderly person in the city of Plattsburgh, although it was not a crime to be such a person in another part of the state. People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 83 N. Y. Supp. 245. By section 139 of the charter of the city of Plattsburgh, the Legislature did confer upon the city judge sitting as a magistrate jurisdiction to proceed summarily to try persons charged with the misdemeanor of being a disorderly person because of the commission of the acts prohibited in such section. The city judge, therefore, had jurisdiction as magistrate to try the defendants for the offense charged against them, but he did not have jurisdiction to organize a Court of Special Sessions with a jury to try them, and their conviction in such a court was a nullity.

The return states that the defendants were "tried by the court and a jury and by said jury convicted and sentenced by court." There is no pretense in the return that the magistrate exercised his own judg-

ment in convicting the defendants. The fair interpretation of his return is that he relied wholly upon the verdict of the jury, and followed it without exercising judgment on his part by pronouncing sentence.

The defendants could not confer jurisdiction upon the Court of Special Sessions by accepting a jury, if such court had no jurisdiction to try them.

Because the return affirmatively shows that the defendants were tried by a court having no jurisdiction, notwithstanding the error is not pointed out in the affidavit allowing the appeal, I think the judgment of conviction should be reversed, and a new trial had in the proper tribunal.