## COUNTY COURT—ONONDAGA COUNTY,

### November, 1912.

In the Matter of DANA CONKLIN, as Supervisor of the Town of De Witt, for an Order to Compel the Children of TIMOTHY E. CARLEY, a Poor Person, to Maintain Him.

(78 Misc. 269.)

POOR LAW, § 80—SUPPORT OF PARENTS BY CHILDREN—CODE CRIM. PRO., § 914.

> Where an honorably discharged veteran eighty years of age, with poor eyesight and in feeble health has no property but his pension of twenty-two dollars a month, which is not sufficient for his support, and the appropriation made by the town authorities under section 80 of the Poor Law for the use of its veteran relief committee is nearly or quite exhausted, and it appears that the veteran has two sons, one earning seventeen dollars a week who has a wife and two children, his son being self-supporting, the other son, married, and earning about fifteen dollars a week, but without children, an order will be granted under section 914 of the Criminal Code directing each of the veteran's sons to contribute two dollars a week to his support.

PROCEEDING under section 914 of the Code of Criminal Procedure to compel children to support their father.

*Arthur C. Meade,* for petitioner.

*Charles P. Wortman,* for defendants.

Ross, J.:

This is a proceeding pursuant to the provisions of section 914 of the Code of Criminal Procedure, and kindred sections, to compel the children of Timothy E. Carley to wholly, or partly, support their father.

Mr. Carley is an honorably discharged veteran, eighty-two

years of age, with poor eyesight and in feeble health, and now is in the Hospital of the Good Shepherd. He has no property, but has drawn a pension of twenty-two dollars a month, which is not sufficient for his support. Heretofore the veteran relief committee of the town of De Witt has furnished means for Mr. Carley's support, but the appropriation made by the authorities of the town of De Witt for the use of that committee is nearly or quite exhausted.

Mr. Carley has five children, two daughters and three sons; of whom a son, Frank, whose whereabouts are not known, and a daughter, Anna Brewer, are not made parties to this proceeding. Another daughter, Hattie Merritt, was made a party, but so far as disclosed by the evidence, her position is that of a married woman living with her husband and without income or property, and, while it would seem that her filial instincts should prompt her to assist in supporting her father, she can decline to do so so far as any legal liability is concerned. The remaining two children are Elexander Carley, forty-four years of age, who earns about seventeen dollars a week and has no property, whose family consists of his wife and two children, a son nineteen years of age, who is self supporting, and a daughter, thirteen, who is attending school; and Albert Carley, thirty-eight years of age, whose family consists of himself and wife, and who is earning about fifteen dollars a week and has no property.

The question which this court has to determine is whether an order should be made, under the provisions of the Code of Criminal Procedure referred to, to compel the sons Alexander and Albert to support, or partially support, their father. Each of these sons declines to provide a home for his father in his own family or to point out where he can have a home. They have employed able counsel, whom they have, as appeared by the evidence, paid. Several hearings have been had and the case has been submitted on briefs.

The defendants claim that the provision of section 914 of the Code of Criminal Procedure under which this proceeding is brought is not applicable because their father is a soldier, and that in the case of a veteran section 80 of the Poor Law alone applies. The section of the Criminal Code referred to provides that the father and mother, and children (if of sufficient ability) of a poor person who is insane, blind, decrepit, so as to be unable to work to maintain himself, must relieve and maintain him in a manner to be approved by the overseer of the poor of the town where he is. Provision is also made for an order for a partial contribution in which it appears that the child is unable to wholly support his poor relative, and also for the apportionment of the expense of maintenance among two or more relatives.

Section 80 of the Poor Law prohibits in terms the sending of an indigent soldier who has served in the military service of the United States to an almshouse and provides that he shall be relieved at his home and provides in detail that relief shall be rendered through a post of the Grand Army of the Republic, and provides the details of obtaining funds for such purpose and the method of disbursing the same. There is nothing inconsistent between those two provisions. There is nothing in the Poor Law which relieves the relatives mentioned in the Criminal Code from the duty imposed upon them. In other words, section 80 of the Poor Law is an additional protection to the indigent soldier, not a release from the duty due to him, in common with other men, of receiving the support of his children. In other words, the children of a veteran are not relieved from filial duty imposed upon them by statute because their father was a soldier.

It is further contended by the defendants that they are not of " sufficient ability " to support or contribute to the support of their father. What is " sufficient ability " must depend upon the circumstances in each case and as the matter rests largely

in the discretion of the court it cannot depend solely upon the amount of the property the defendant owns, for in that case a child proceeded against might have a princely income and no property subject to levy. Neither can it depend solely upon the income, as his income might be small and the amount of his property large, but, as stated before, must depend upon the circumstances of each separate case.

In this case the wages of one is seventeen dollars a week. He has a wife and two children, his son being self-supporting. The other son receives an income somewhat less, but has no children. I think under the circumstances that each son should be compelled to contribute two dollars a week towards the support of his father. The case of Colebrook v. Stewartson, 30 N. H. 1, cited by the defendants' counsel, was a proceeding against a grandfather to support the children of a married daughter whose husband was in prison. Our statutes have not extended the duty to support poor relatives beyond parents and children, but within those degrees our remedy is somewhat drastic and necessarily so, for children who have to be brought in court to contribute to their father's support to prevent his becoming a public charge have to be dealt with somewhat arbitrarily. They are deemed under the law in question to be of sufficient ability unless the contrary shall affirmatively appear. Code Crim. Pro., § 916. The matter of whether Mr. Carley can be committed to a soldier's home is not presented in this proceeding and is, in any event, a matter for the overseer of the poor in the town where he resides. Poor Law, § 83.

An order may be drawn in accordance herewith for the sum heretofore mentioned, to be paid to the overseer of the poor of the town of De Witt until further order of the court, with costs and expenses of this application to be ascertained before the order herein is settled.

Ordered accordingly.