## COURT OF SPECIAL SESSIONS — NEW YORK — APPELLATE TERM — FIRST DEPARTMENT.

### October 24, 1922.

## THE CITY OF NEW YORK EX REL. REBECCA WASSERMAN v. ABRAHAM WASSERMAN.

(1) DISORDERLY PERSON*—FAILURE TO SUPPORT PARENT.

Relator was a widow fifty-six years old. Defendant, her son, was one of nine children. *Held*, that while absolute destitution need not be shown, nevertheless proof must be adduced that the alleged person is without means of earning a livelihood and in want, due to neglect of those responsible for her support.

(2) SAME.

Merely to say that the prosecutrix is without property or income is not sufficient. The rule in these cases is that when one is unable to get the necessaries of life, then the presumption of the statute operates.

Before Justices KERNOCHAN, presiding, McINERNEY, FRESCHI.

*Samuel M. Goldberg,* for appellant.

*John P. O'Brien, Corporation Counsel (Willard S. Allen,* of counsel), for respondent.

The defendant appeals by permission from an order of the Domestic Relations Court in and for the borough of Manhattan, made on July 31, 1922, adjudging the defendant of being a disorderly person, pursuant to the provisions of the Inferior Criminal Courts Act (chap. 659, Laws 1910, as amended by chap. 339, Laws 1919), and placing him on probation conditioned that he pay the sum of $8.00 per week towards the support of his mother. (Section 74-c.)

* See note, Vol. 14, 230.

FRESCHI, J.:

This summary proceeding was initiated by the issuance of a summons in the form provided by section 83 of the Inferior Criminal Courts Act, *supra,* by a city magistrate presiding in the Family Court upon the complaint of Rebecca Wasserman against her son, the defendant-appellant, charging him with failing to contribute to her support. Complainant alleges that she is a widow, fifty-six years of age, without means of support and in danger of becoming a public charge, although said defendant is of sufficient financial ability to aid her.

The errors assigned in defendant's affidavit upon which this appeal was allowed are: (1) That there is no competent legal proof that the complainant is likely to become a public charge, within the meaning of the statute; and (2) that the amount awarded to the complainant is excessive. Only such errors may be considered upon this appeal by the court (People v. Giles, 152 N. Y. 136, 141; People v. Scherno, 140 App. Div. 95, 97; Code Criminal Procedure, § 751, and cases cited).

There can be no question as to the authority of the magistrate to make an order in proceedings of this kind. The Domestic Relations Court (Family Court) has the sole and exclusive jurisdiction to initiate, investigate, hear and determine all proceedings and charges against any person compelled by law to support a poor parent or poor relatives, under section 74, subd. a, Inferior Criminal Courts Act (*supra*).

In view of the appellant's argument upon the hearing of this appeal, it might be well to state that this proceeding was not instituted under section 683 of the Greater New York Charter, as amended by chapter 204, Laws 1921, which applies to cases brought by the Commissioner of Public Welfare of the city of New York against the relatives of a poor person who is cared for or about to be cared for by such commissioner, to save the city harmless, or to reimburse it for moneys expended or about to be expended for the support of such poor person. Furthermore, section 685, subd. 2, of the said charter, provides that

nothing contained therein shall be construed as abrogating or conflicting with the powers or duties conferred and imposed upon the Court of Domestic Relations under the provisions of the Inferior Criminal Courts Act of the city of New York.

By statute, natural relations shall maintain indigent parents (Ex parte Hunt, 5 Cowen, 284; Goodale v. Lawrence, 88 N. Y. 513; Edward v. Davis, 16 Johns, 281; Herendeen v. DeWitt, 49 Hun, 53; City of New York v. Rausch, 193 N. Y. Supp. 235, 236) who are in danger of becoming a public charge (Peo. v. Meara, 79 Misc. 57; City of New York, ex rel. DeStefano, N. Y. Law Journal, March 29, 1921, page 2199).

It would seem that the defendant declared it was his intention not to meet his family obligation by helping to protect his mother and by assisting her to get the necessaries of life according to her station; and there is some proof that he has been defiant and even heartless in his lack of philanthropy, not to say the disregard of his filial duty, by failing to contribute toward the support of his mother, if the testimony of People's witness, Max Sochstein, is believed. He testified that the defendant told him about his earning $125 weekly and that he would spend $3,000 for a lawyer rather than give his mother any support. This is, however, denied absolutely by the defendant.

The primary object of the salutary law applicable to this case is " to raise competent sum for the necessary relief of the poor, impotent, old, blind, who are unable to work." While absolute destitution need not be shown, nevertheless proof must be adduced that the alleged person is without means of earning a livelihood and in want, due to neglect of those responsible for her support. The " means " of supporting herself, referred to in the statute, includes ability to earn a livelihood by her own personal efforts. Merely to say that the prosecutrix is without property or income is not sufficient proof. The rule in these cases is that when one is unable to get the necessaries of life, then the presumption of the statute operates.

Is this complainant indigent and incapable to get her living? Is she without "means"? The complainant does not say that she is dependent entirely upon private benevolence and charity of well-disposed people, or of the county and that she is "left to such relief as the humanity of her neighbors would afford her."

I do not decide the question whether the prosecutrix has established a settlement in the city and county within the purview of the Poor Law (§§ 40, 42) and the State Charitable Law, § 17; and I do not regard it as necessary for a decision in this case to express an opinion on the law as to the apportionment of an allowance among her other children.

An examination of the magistrate's return discloses the claim that the complainant has no property or income; except what she has received from some of her children from time to time. Her testimony shows that she has nine living children, ranging in ages from nine years to thirty-four years, three of whom (Rachel, nine; Solomon, eleven, and Rose, twelve) go to school; and that they, with Isaac, twenty-seven; Henry, twenty-two; Samuel, seventeen; Fannie, twenty, and a married daughter, Jennie, thirty-four, her husband and three children, all live in the home of the complainant at No. 302 East 48th street, in the city and county of New York.

Some of these are employed and others, it seems, are without employment. Their income was the subject of inquiry at the trial; and it appears that the complainant has received voluntary contributions and assistance from some of her children. Whether such financial aid is adequate to finance her and properly protect her and her three youngest minor children does not clearly appear in the record. If there has been a total neglect, it was not shown. What is "sufficient ability" to provide support for poor parents is a question of fact, and unless the contrary affirmatively appears, all the children will be deemed of sufficient ability. (Code Crim. Proc., § 916; In re Conkling, 78 Misc. 269.)

The defendant is a married man, living separate and apart from the complainant. As a mattress maker, he admits he earns twenty-five dollars per week. In this regard he is corroborated by his father-in-law, Sam Gandelman, who is his employer. The prosecution attempted to controvert this by proof showing that about eight months ago the defendant received wages amounting to about eighty to one hundred dollars weekly from the same source of employment, and that, in fact, the defendant had an interest in his father-in-law's business. This was denied by both Gandelman and the defendant. The proof on these points, at best, is unsatisfactory and uncertain.

The presumption in favor of the prosecutrix that she is likely to become a public charge has been met and overcome by the proof in the record (Stern v. Burgess, 47 N. Y. 521; People v. DeWolff, 133 App. Div. 118; In re Conkling, 78 Misc. 269).

I think the judgment is erroneous and ought to be reversed and the defendant should be discharged. However, this should not operate as a bar to the bringing of new proceeding based on sufficient proof for an allowance to be apportioned among the different children, as provided by law (Crim. Code, § 914, 916, 917). See, also, Stone v. Burgess, 47 N. Y. 521.

I vote accordingly.

KERNOCHAN, C. J.:

The appellant in his moving papers urges two grounds for the reversal of this judgment:

1. That the award is excessive and out of proportion to the appellant's earnings.

2. That there is no competent and legal proof that complainant is likely to become a public charge within the meaning of the statute.

Other grounds for reversal are urged in the brief of the appellant, but, as they were not specified in the moving papers,

will not be considered.  (People v. Gille, 152 N. Y. 136, 141; People v. Schirno, 140 App. Div. 95).

This case was brought in the name of the People of the City of New York on the complaint of Rifke Wasserman, who makes affidavit that she is a *poor* person residing in the city of New York, county of New York; that she is fifty-six years old and is old and decrepit and is unable to work to maintain herself.

The proof offered of these facts are contained only in the sworn testimony taken before the magistrate and does not support any of these allegations except that at the very end of her testimony in answer to leading questions by the court she stated that she had no money in the bank; no property or income; that her husband was dead and that she was but eight (8) months in the country.  These questions were undoubtedly asked by the magistrate so that he might obtain jurisdiction on the theory that these statements were presumptive proof that she was about to become a public charge.  (See Inferior Criminal Courts Act, § 73, paragraph C.)

I have grave doubt as to whether the complainant is a proper person to ask for relief under section 74 of the Inferior Criminal Courts Act, in view of her statement that she was but eight (8) months in the country (§§ 40 and 42 of the Poor Law).

There is no further evidence that she was about to become a public charge and the circumstances under which she lived, as testified to by her, would seem to indicate that there was no such danger.  There is no evidence that she is decrepit or unable to work, nor can I say that the bare statement that she is fifty-six years old is sufficient to entitle her to the relief she asks for on the ground of old age.

The judgment of the magistrate should be reversed.

McINERNEY, J., votes for reversal and discharge of the appellant.