1840.

Parker
v.
Baker.

PARKER *vs.* BAKER and others.

An affidavit, taken before a commissioner of deeds de facto, for a city, who is exercising such office under color of an appointment by the governor and senate, may be read in a suit between other persons; and the court will not inquire collaterally into the legality of such appointment.

As between third persons the acts of an officer de facto, who comes into the office by color of an election or appointment to such office, and exercises the duties thereof, are valid. And in a collateral proceeding, to which the officer is not a party, the court will not decide upon the validity of his appointment.

An affidavit, where nothing appears to show that it was taken out of the jurisdiction of the officer before whom it was sworn, will be presumed to have been taken within the limits of his jurisdiction.

July 21. THIS was an appeal from a decision of the vice chancellor of the eighth circuit, denying a motion to dismiss the complainant's bill for want of prosecution. The application was founded upon an affidavit sworn before one of the commissioners of deeds, recently appointed by the governor, with the consent of the senate, for the city of Buffalo. The vice chancellor decided that there was no law authorizing the governor to appoint commissioners of deeds in Buffalo, and that there were therefore no such officers as commissioners of deeds for that city who were authorized to take affidavits to be read in this court. Upon this ground alone he denied the application; and from that decision the defendant Baker appealed.

*N. K. Hall,* for the appellant.

*E. Norton,* for the respondent.

THE CHANCELLOR. The laws of this state recognize the existence of two classes of commissioners of deeds, who are authorized to take affidavits to be read in this court, and to perform various other duties prescribed by law; commissioners for counties and commissioners for cities. (2 R. S. 282, § 41; 284, § 39.) And provision is also

made by law for determinining from time to time the number to be appointed in each city of the state, except in the city of New-York, and the number in each town in the several counties. (1 *R. S.* 101, § 2, 5.) The affidavit in this case has been taken before an officer who has been appointed and commissioned, by the governor, as a commissioner of deeds for one of the cities in this state. And this court is not authorized, in this collateral proceeding, to which the commissioner is not a party, to inquire into the legality of his appointment.

It appears to be a well settled principle of the common law, that as between third persons, the acts of an officer de facto, who comes into the office by color of an election or appointment to such office, and who claims and continues to exercise the duties of the office, are valid ; and that in a collateral proceeding, to which he is not a party, the courts will not decide upon the validity of his title to the office. In the case of *The People* v. *Collins*, (7 *John. Rep.* 551,) Kent, C. J. says : " That law is too well settled to be discussed." And the principle was again recognized by the supreme court in the case of *McInstry* v. *Tanner*, (9 *Idem*, 135,) where upon certiorari it was sought to call in question the right of the justice to the office ; on the ground that he was a clergyman, and therefore constitutionally disqualified to hold any office in this state. A case very analogous to the present will also be found in the reports of an adjoining state. There the defendant in a suit sought to repudiate the service of the process of the court, by a plea in abatement, on the ground that the sheriff who served the writ had been appointed to that office, by the governor and his council, before the law organizing the county had gone into effect ; and of course, before there was any law authorizing the appointment of a sheriff for that county. The court, in that case, held that the right of the sheriff to the office could not be inquired into in a suit to which he was not a party. (*See Fowler* v. *Beebe and another*, 9 *Mass. R.* 231.) In that case, the whole facts upon which the question as to the right to the office arose, and

the fact of the appointment of the sheriff several months before the law erecting the new county took effect, were stated in the plea in abatement. But Ch. J. Parsons said—"We do not decide whether he is sheriff *de jure* of the county of Hampden, or has intruded himself into the office. But as we are of opinion that he is sheriff in fact of that county, the plea in abatement must be adjudged bad, and the defendants ordered to answer further." The decision of the court in that case, against the right of third persons to question the legality of the appointment of the officer, in a collateral suit between themselves, is the more to be regarded as it turned upon that question merely. For in a subsequent proceeding, directly against another officer of the same county who had been appointed under similar circumstances, the same court decided, that the appointment which had been made, by the governor and council, before the law erecting the new county had gone into effect, was unauthorized and void, as to the officer himself. (*Commonwealth* v. *Fowler*, 10 *Mass. Rep.* 290.)

Without expressing any opinion, therefore, upon the question as to the correctness of the conclusion at which the vice chancellor arrived relative to the power of the governor and senate to appoint commissioners of deeds for the city of Buffalo, the fact that the affidavit was sworn before an officer who had been actually appointed to the office of commissioner of deeds in a city, and who was de facto such officer under color of that appointment, was sufficient to authorize it to be read upon the motion between these parties.

The objection that it does not appear upon the affidavit that it was sworn to within the limits of the city of Buffalo, is not well taken. It is sufficient that it does not appear to have been sworn to out of the jurisdiction of the commissioner; as the court will not presume the officer has been guilty of a breach of duty, in taking an affidavit at any place out of the limits of his jurisdiction.

The order appealed from must therefore be reversed; and the bill must be dismissed as to the appellant for want of prosecution, with costs.