LUCY E. HAND, Respondent, *v.* CHARLES DEADY, as Sole Trustee of School District No. 5, Town of Rose, N. Y., Appellant.

*Officer de facto — what constitutes.*

To constitute a person an officer *de facto* it is essential that his acts of official character be founded upon some colorable right to the office, derived from a form of election or appointment (although by reason of some defect or irregularity the election or appointment is illegal or unofficial), or that he has acted as such with the acquiescence of the public for a sufficient length of time to permit the presumption of an election or appointment, which presumption arises from the reputation he thus acquires as an officer from such acts, and the acquiescence of the public therein.

Under such circumstances, as a matter of public policy, his acts in his apparent official capacity are not subject to collateral attack to the prejudice of others, and as to them and the public they are deemed effectual and valid. It is *prima facie* sufficient to establish the official character of a local officer to show that he is generally reputed to be and has acted as such.

The mere claim of a person that he is an officer does not relieve his acts from the character of usurpation and give him the character of an officer *de facto*, unless he has openly performed the duties of the office for such length of time with the acquiescence of the public as to give him the general reputation in the official district of being what he assumes to be.

APPEAL by the defendant, Charles Deady, as sole trustee of school district No. 5, town of Rose, N. Y., from a judgment of the County Court of Wayne county in favor of the plaintiff, entered in the office of the clerk of the county of Wayne on the 25th day of May, 1891, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of September, 1890, denying the defendant's motion for a new trial made upon the minutes.

The purpose of the action was to recover damages for the breach of a contract alleged to have been made by David Benjamin, as trustee of school district No. 5 in the town of Rose, county of Wayne, with the plaintiff, under which the latter was to teach school in that district for the term of sixteen weeks, to commence November 7, 1887. A written memorandum of contract to that effect, bearing date September 30, 1887, was subscribed by David Benjamin as sole trustee of that district, and by him delivered to the plaintiff, who was ready and offered to proceed in the performance of the contract at and

from the time therein mentioned, but was not permitted by William Jordan, who was then the acting trustee of the district, to do so. The plaintiff recovered $142.60, and costs.

*T. Robinson,* for the appellant.

*Del Stow,* for the respondent.

BRADLEY, J.:

The question for consideration is whether David Benjamin may, as to the plaintiff, be treated as having been trustee of the district at the time he made the contract with her. The facts bearing upon the question are that at a school meeting duly held in the district August 30, 1887, there were present eight men and some boys; a chairman was elected, and the district clerk was present. The trustee of the preceding year having read his report, said that the next thing in order was to elect a trustee, and, turning to one Buckley, suggested that he act as trustee. The latter said, " No, let Dave Benjamin have it." Some one seconded it; thereupon David Benjamin, who seems to have been somewhat under the influence of liquor, immediately jumped up and said : " All in favor of Dave Benjamin being trustee say aye." Some one responded aye. Then David Benjamin said, " I am trustee." No negative vote was called for. The chairman was not requested to nor did he call for any vote on the subject. The meeting then proceeded to the election of a trustee, and James Benjamin was elected in the usual manner. He entered upon the duties of his office, and three days later David Benjamin called upon him, asserted his right to the office of trustee, and, by means of a threat, induced James Benjamin to let him take the district books.

Thereupon he assumed to act as trustee in buying some lumber, some locks for doors and some brooms, made the contract with the plaintiff to teach the school, and shortly afterward ceased to act as such. It is clear that he was not a trustee *de jure.* And to constitute a *de facto* officer it is essential that his acts of official character be founded upon some colorable right to the office having the form of election or appointment, or that he has acted as such with the acquiescence of the public for a sufficient length of time to permit

the presumption of an election or appointment.  This presumption arises from the reputation he thus acquires as an officer from such acts and acquiescence.  Then, as matter of public policy, his acts in his apparent official capacity are not subject to collateral attack to the prejudice of others, and as to them and the public they are deemed effectual and valid.  (*Wilcox* v. *Smith*, 5 Wend. 231; *Parker* v. *Baker*, 8 Paige, 428; *Hamlin* v. *Kassafer*, 15 Oreg. 456; 3 Am. St. Rep. 176.)  And in fact it is *prima facie* sufficient to establish the official character of local officers to show that they are generally reputed to be and have acted as such.  (*McCoy* v. *Curtice*, 9 Wend. 17.)

It does not appear that David Benjamin had so acted with the acquiescence of the public as to give him in the district the reputation of trustee at the time the alleged contract was made.

He had then assumed to act as such for less than a month, and in a very few days after he entirely ceased to act as trustee.

The official acts to be performed within that time were probably few, and those he did perform were not numerous.  In *Wilcox* v. *Smith*, Mr. Justice SUTHERLAND said that "the mere claim to be a public officer, and the performance of a single act or even a number of acts in that character, would not perhaps constitute an individual an officer *de facto*."

And in *Rochester & G. V. R. R. Co.* v. *Clarke N. Bank* (60 Barb. 234) it was said that "to constitute a person an officer *de facto* a mere claim to be such officer, and exercising the duties of the office was not sufficient.  It is well settled that there must be color for the claim, and colorable title to the office."

In the present case, as presented by the record, the main question, therefore, is whether or not David Benjamin had a colorable right to the office, or, in other words, whether his claim was supported by the appearance of an election or appointment.

The statute provides that the inhabitants entitled to vote, when duly assembled in any district meeting, shall have power, by a majority of the votes of those present, to appoint a chairman and to choose a trustee.  (Laws 1864, chap. 555, tit. 7, § 16.)  There was a meeting held in the district having the power to choose a trustee.  The ludicrous occurrence referred to, in which David Benjamin was there the principal actor, was evidently treated by those present as

a jest, as following it the meeting proceeded in the usual as well as an orderly manner to elect, and elected a trustee without, so far as appears, any assertion of claim or suggestion by David Benjamin or any other person that he had been chosen to the office.

The election of James Benjamin as trustee was entered in the minutes of proceedings kept by the clerk of the meeting. No reference in them was made to the transaction before mentioned preceding such election.

It is difficult to see in what took place at the meeting any colorable selection by it of David Benjamin as trustee. It evidently did not there and at the time have an appearance of his election as trustee, nor does it seem to be entitled to the characterization of such appearance, without which it lacked the quality essential to invest him with the color of right to the office. This was somewhat emphasized by the fact that seven of the eight legal voters at the meeting did not vote aye on the motion put by David Benjamin. But the learned trial judge, as appears by his charge to the jury, lays stress in support of his color of election upon the fact that some one voted aye, and that when David Benjamin stated that he was trustee no one raised any objection to it. There would have been more force in that fact if the meeting had not then proceeded to the election of a trustee. This indicated how the transaction appeared to those present, and characterized the understanding of such declaration of David Benjamin as a mere naked assertion on his part to which the meeting did not accede. There must be the form of an election or appointment to an office to give a colorable claim to it; and it is then sufficient to constitute his acts, following it, as those of a *de facto* officer, although by reason of some defect or irregularity the election or appointment is illegally or inefficiently made.

The difficulty with the claim in behalf of David Benjamin is that the meeting did not give him the form of an election, nor did it recognize or acquiesce in his assertion there made that he was trustee.

The mere claim of a person that he is an officer does not relieve his acts from the character of usurpation and give him the character of an officer *de facto*, unless he has notoriously performed them for such length of time, with the acquiescence of the public, as to give him the general reputation in the official district of being in that

respect what he thus assumes to be.　Then, as before suggested, his acts as to others may be effectually characterized as official.

The view taken of the facts, as here represented, is that there was no color of election of David Benjamin at the meeting, and that he took from what occurred there no colorable right to the office.　And the mere fact that he obtained the district books, whatever they were, from the person who was elected, has, of itself, no significance, although if from that time he acted with the acquiescence of the inhabitants of the district for such length of time as to raise the presumption of color of right, and thus took the reputation of being such officer, it may be seen that persons thereafter dealing with him as such could effectually assert for their protection that he was trustee.　But no facts appear to justify that conclusion.

The judgment and order should, therefore, be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order of the County Court of Wayne county appealed from reversed and new trial granted, with costs to abide the event.