THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE LENTILHON, Appellant, *v.* BIRD S. COLER, as Comptroller of the City of New York, Respondent.

APPEAL — DISCRETIONARY REFUSAL OF MANDAMUS NOT REVIEWABLE. An order of the Appellate Division affirming an order of Special Term denying a motion for a peremptory writ of mandamus which fails to show that the writ was refused upon a question of law only, and, therefore, must be assumed to have been denied as a matter of discretion, is not reviewable by the Court of Appeals.

*People ex rel. Lentilhon* v. *Coler,* 61 App. Div. 223, appeal dismissed.

(Argued June 3, 1901; decided July 10, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made May 17, 1901, affirming an order of Special Term denying a motion for a peremptory writ of mandamus directing the defendant to deliver to the relator a warrant on the chamberlain of the city of New York for an amount alleged to be due him under a contract with said city.

The facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant.    The discretion of the Supreme Court to grant or refuse a writ of mandamus is not absolute, but is governed by legal rules, and the order denying the motion is reviewable by this · court. (*People ex rel.* v. *Common Council*, 78 N. Y. 56 ; *People ex rel.* v. *Chapin*, 104 N. Y. 96 ; *Roberts* v. *N. Y. El. R. R. Co.*, 155 N. Y. 31 ; *Bossout* v. *R., W. & O. R. R. Co.*, 131 N. Y. 37 ; *People ex rel.* v. *Van Wyck*, 157 N. Y. 495 ; *People ex rel.* v. *Board of Education*, 158 N. Y. 125 ; *Butler* v. *Jarvis*, 117 N. Y. 115.)    It was error to deny the motion, because the relator, having received the certificate required by the contract, was entitled, as a matter of right, to a peremptory mandamus directing the delivery of a warrant by the comptroller for the payment of his claim.    (*Lake* v. *Trustees Vil. of Williamsburgh*, 4 Den. 520 ; *Hunt* v. *City of Utica*, 18 N. Y. 442 ; *Ross* v. *Curtiss*, 31 N. Y. 606 ; *Dannat* v. *Mayor, etc.*, 66 N. Y. 585 ; *Weston* v. *City of Syracuse*, 158 N. Y. 274 ; *People ex rel.* v. *Coler*, 166 N. Y. 1 ; *People ex rel.* v. *Coler*, 166 N Y. 144 ; *Matter of Freel*, 148 N. Y. 165 ; *People ex rel.* v. *Mayor, etc.*, 144 N. Y. 63 ; *People ex rel.* v. *Coler*, 34 App. Div. 167.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent.    The order is not appealable.    (*People ex rel.* v. *Bd. of Police*, 107 N. Y. 235 ; *People ex rel.* v. *Jeroloman*, 139 N. Y. 14 ; *People ex rel.* v. *Van Wyck*, 157 N. Y. 495 ; *People ex rel.* v. *Board of Education*, 158 N. Y. 125 ; *People ex rel.* v. *Moss*, 161 N. Y. 623 ; *People ex rel.* v. *Board of Taxes & Assessments*, 166 N. Y. 154.)    The granting or withholding of a peremptory writ of mandamus is discretionary with the Supreme Court, and under the circumstances disclosed by the record the application was properly denied and the relator remitted to an action at law.    (*People ex rel.* v. *Coler*, 58 App. Div. 131.)

BARTLETT, J.    Application was made to the Supreme Court for a common-law writ of mandamus requiring the defendant, as comptroller of the city of New York, to draw his warrant

for a sum that the relator claimed to be due him. The Special Term denied the writ, the Appellate Division affirmed, and, as it does not appear in the order that the writ was refused on a question of law only, this court must assume that it was denied in the proper exercise of the discretion of the Supreme Court, which cannot be reviewed here. (*People ex rel. D. L. I. Co.* v. *Jeroloman*, 139 N. Y. 14; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495; *People ex rel. Steinson* v. *Board of Education*, 158 N. Y. 125; *Matter of Hart*, 159 N. Y. 278; *People ex rel. Rice* v. *Moss*, 161 N. Y. 623; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *People ex rel. N. Y. & Harlem R. R. Co.* v. *Board of Taxes*, 166 N. Y. 154.)

We are not permitted to look into the opinion of the Appellate Division to ascertain the grounds upon which it proceeded, but in the case before us the conceded facts establish that the Supreme Court could have denied the writ in the exercise of its discretion.

The comptroller of the city of New York resisted the payment of the claim on two grounds based on the relator's alleged violations of the Labor Law, viz.: (1) In that he compelled or allowed his employees to labor more than eight hours a day, and (2) in that he had not paid his mechanics, workmen and laborers the prevailing rate of wages. This last ground is removed from the case by the recent decision of this court in *People ex rel. Rodgers* v. *Coler* (166 N. Y. 1), where it is held that the Labor Law, so far as it relates to the prevailing rate of wages, is unconstitutional.

This leaves but one issue to be tried, to wit, the constitutionality of the provisions of the Labor Law of 1897, as amended, which prohibits more than eight hours of work in any calendar day under contract with the state or a municipal corporation.

The issue presented in this case is one of great importance, and it was clearly within the discretion of the Supreme Court to remit the parties to a common-law action.

The appeal should be dismissed, with costs.

LANDON, J. (dissenting).   As there is no dispute over the facts, the only question before the courts below was a question of law merely, whether upon the undisputed facts it was the duty of the comptroller, a mere ministerial officer, to draw his warrant for the sum due the relator, and deliver it to him. That question of law is before us.   The order of the Appellate Division need not, as I understand the rule, negative a denial upon the facts, in the absence of any dispute about them or uncertainty as to their meaning.   Such negation is inappropriate.   Mandamus is the appropriate remedy of the individual against a ministerial officer who acts as agent of the government, which, by its law, requires him to perform the act which the law and the obligations of the government make the legal right of the individual to have performed in his favor.   It should be an exceptional case in which the individual must be forced to sue the state or a municipality, or the officer of either, to secure his due, when the officer is told by the law to render it to him.   It is not the policy of the law thus to embarrass the citizen.   The discretion which refuses the writ is a judicial discretion, and there is no room for refusal where the right of the individual and the corresponding duty of the officer are clear.   In the sound discretion of the court, no doubt, the writ may be denied; that is to say, where the undisputed facts have such an aspect that the plaintiff's right is not clear, or if legal, is not equitable, or if summary after long delay of the relator, may be unjust to the present incumbents of the office, or if the law has provided that another remedy should be pursued.

The government, whether state or municipal, should be sensitive in honor and justice, and a public officer should rather be compelled to do his duty than to expose the government to suit because of his lower standard.

It is said the question of law here involved is of grave importance.   All that we have to decide is what order does the law require upon the facts here presented, not upon some other supposed facts.   I think we ought to decide that question, and I, therefore, dissent from the judgment of the court,

without discussing the main question which my brethren decline to consider.

PARKER, Ch. J., HAIGHT, VANN, CULLEN and WERNER, JJ., concur with BARTLETT, J.; LANDON, J., reads dissenting opinion.

Appeal dismissed.