THE HAMMONDSPORT LAW, LOAN AND COLLECTION ASSO-
CIATION, Respondent, *v.* ABBIE L. KINZELL, Appellant.

(County Court, Steuben County, April, 1904.)

Justice's court — Service of summons by a de facto constable.

> November 14, 1900, one Jump was legally appointed constable
> of a town, and duly qualified and entered upon the discharge of
> the duties of his office.  In November, 1901, five constables were
> elected and upon the failure of one of them to qualify, the town
> board, on November 16, 1901, appointed Jump in his place, who
> thereupon duly qualified and entered on the discharge of the duties
> of the office.  A year later, he, as constable, served a summons
> issued out of a justice's court.
>
> On an appeal from a judgment rendered against the defendant
> in the justice's court action, the latter contended that the service
> of the summons was illegal in that Jump's appointment on
> November 14, 1900 did not expire until January 1, 1902 and that
> his appointment on November 16, 1901 was, therefore, ineffective.
>
> Held, that Jump was at least a de facto officer at the time he
> served the summons and that the service should be upheld.
>
> That even though his appointment on November 16, 1901, was
> ineffective, he could act under his prior appointment until his
> successor had been chosen and had qualified.

APPEAL by the defendant from a judgment rendered in
favor of the plaintiff and against the defendant, by E. B.
Lawrrowe, Esq., justice of the peace of the town of Urbana,
Steuben county, N. Y., on the 11th day of January, 1902.

Walter S. Drew, for appellant.

Sebring, Cheney & Rogers, for respondent.

CLARK, J.   The defendant appeals from a judgment ren-
dered against her January 11, 1902, and the only ground
claimed by the appellant for the reversal of the judgment
is that the person who made the service of the summons,
one George J. Jump, was not in fact a constable of the town
at the time he served the summons, and that he had not

been deputized by the justice to make the service, and the service was, therefore, illegal and void.

It appears that on the 14th day of November, 1900, said George J. Jump was legally appointed a constable of the town of Urbana, by the town board, to fill a vacancy that then existed, and that he duly qualified and entered upon the discharge of the duties of his office. At the town meeting held in that town in November, 1901, five constables were elected, but Mr. Jump was not one of them, and one of the constables so elected failed to qualify, and on the 16th day of November, 1901, the town board appointed Mr. Jump in place of the constable who had failed to qualify. He thereupon filed his bond, took the usual oath and filed that, and entered upon the discharge of the duties of his office, and continued to act as a constable of the town of Urbana up to the time he served the summons in this case, which was on the 4th day of January, 1902.

The appellant urges that Mr. Jump's appointment of November, 1900, held good until January 1, 1902, and then expired, and that the appointment of November 16, 1901, was of no force, and was in fact illegal, because there was no vacancy at that time, and no appointment could be made by the town board to fill a vacancy that did not exist.

Without passing upon the legality and regularity of the appointment of November 16, 1901, it is a fact that the appointment of November 14, 1900, was perfectly legal. Mr. Jump took and filed the usual oath and filed his undertaking and entered upon the discharge of his duties as a constable and continued to act as such up to the time he served the summons in the case at bar.

He was at least acting upon a colorable right to the office, for he had been legally appointed, and he had acted as a constable a sufficient length of time so that it could be presumed that he was properly appointed, and it is very doubtful, under the circumstances of this case, when the officer had been acting for more than a year under an appointment to the office from the proper appointing power, and holding himself out to the public as a constable, and performing the duties pertaining to the office without question from any

quarter, whether his acts can be attacked in a collateral manner to the prejudice of an entirely innocent party. See Hand v. Deady, 79 Hun, 75.

At least Mr. Jump was a *de facto* officer, and his acts while performing the duties of the office to which he had been appointed should be upheld. Dolan v. Mayor, 68 N. Y. 278; Wilcox v. Smith, 5 Wend. 234.

The case of Fowler v. Beebe, 9 Mass. 231, cited by counsel for the respondent, is important, and bears on the precise question raised by this appeal. In that case it was clear that the sheriff's appointment was illegal, but the court held that he was in fact the sheriff of the county.

Even assuming that the appointment of November 16, 1901, was of no legal effect, it seems clear that Mr. Jump could act under the prior appointment until his successor had been chosen and had qualified, even though the time for which he had been appointed had expired. Public Officers Law (L. 1892, ch. 681), § 5.

I think the person who served this summons was a *de facto* officer, performing the duties of the office to which he had been legally appointed in 1900. No objection was made at any time to the regularity of the service, as the defendant did not appear at the time the summons was returnable, and on the whole case I am convinced that the acts of the officer while he was in fact such, and performing the duties of the office with the knowledge of the community that he was such acting officer, should not be disturbed, and that justice requires the affirmance of the judgment.

Judgment appealed from must be affirmed, with costs.

Judgment affirmed, with costs.