In the Matter of the Application of WILLIAM L. SHERRILL et al., Appellants, for a Writ of Mandamus against JOHN F. O'BRIEN, as Secretary of State, Respondent.

In the Matter of the Application of WALTER PENDLETON, Appellant, for a Writ of Mandamus against JOHN F. O'BRIEN, as Secretary of State, Respondent.

In the Matter of the Application of GEORGE E. PAYNE et al., Appellants, for a Writ of Mandamus against JOHN F. O'BRIEN, as Secretary of State, Respondent.

APPEAL — LEGISLATIVE APPORTIONMENT — CONST. ART. 3, § 5. The right of the Court of Appeals to review the action of the Supreme Court in cases relating to a legislative apportionment proceeds from its general appellate jurisdiction; in the absence of express legislative authority it cannot, in a proceeding attacking the validity of an apportionment, entertain an appeal from an order of the Appellate Division affirming an order of the Special Term denying an application for a common-law writ of mandamus, unless it affirmatively appears on the face of the order that it was not made in the exercise of discretion; and the jurisdiction of the court should not be strained when the effect of an adverse decision might be to throw a general election about to be held into inextricable confusion and chaos.

*Matter of Sherrill* v. *O'Brien*, 114 App. Div. 890, appeal dismissed.
*Matter of Pendleton* v. *O'Brien*, 114 App. Div. 890, appeal dismissed.
*Matter of Payne* v. *O'Brien*, 114 App. Div. 890, appeal dismissed.

(Argued September 28, 1906; decided October 1, 1906.)

1

APPEAL in each of the above-entitled proceedings from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 12, 1906, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus directing the secretary of state to transmit to the county clerk of each county, and to the board of elections of the city of New York, election notices as provided by section 5 of the Election Law, and that he embrace in said election notices the number of senators and members of assembly to be voted for at the election to be held on November 6, 1906, required and allowed to be voted for under the apportionment contained in the Constitution of this state, and not according to the apportionment contained in chapter 431 of the Laws of 1906.

*Elon R. Brown* for William L. Sherrill et al., appellants.

*Eugene Lamb Richards, Jr.*, and *William Allaire Shortt* for Walter Pendleton, appellant.

*Edward B. Whitney* and *Robert Grier Monroe* for George E. Payne et al., appellants.

*Julius M. Mayer*, Attorney-General (*Merton E. Lewis* and *James G. Graham* of counsel), for respondent.

*Per Curiam.*     The appeal in each of the above-entitled proceedings is from an order of the Appellate Division affirming an order of the Special Term denying an application for a common-law writ of mandamus.

It has long been the law that an order refusing a common-law writ of mandamus is not reviewable in this court unless it appears in the order that it was not refused in the exercise of discretion. If it does not appear in the order that the writ was refused on a question of law only, this court must assume that it was denied in the proper exercise of the discretion of the Supreme Court, which cannot be reviewed here. (*People ex rel. Lentilhon* v. *Coler*, 168 N. Y. 6, and cases there cited.)

Section 5, article 3 of the Constitution provides that an apportionment shall be subject to review by the Supreme Court at the suit of any citizen, under such reasonable regulations as the legislature may prescribe, but the legislature never having acted under this provision and prescribed any procedure for a direct challenge of the validity of an apportionment the citizen is confined to existing remedies and, therefore, each of the proceedings before us has been an application for a common-law writ of mandamus. There is no express provision in the section of the Constitution quoted for review by the Court of Appeals of the action of the Supreme Court, and, therefore, the right to such review by this court proceeds from its general appellate jurisdiction. As already stated, its general appellate power does not authorize the review of an order denying an application for a writ of mandamus, unless it affirmatively appears on the face of the order that it was not made in the exercise of discretion. Even the great importance of this litigation would not justify the court in assuming a jurisdiction the possession of which it has so repeatedly repudiated.

It may be further said, as an additional reason why we should not strain to extend our jurisdiction, that a decision adverse to the validity of the apportionment act made now might throw the general election about to be held into inextricable confusion and chaos. The people have acted on the law and held their primary elections. Election districts have been laid out in all the great counties of this state under the new apportionment. It is difficult to exaggerate the confusion that might and probably would arise were the apportionment set aside at this time. If these cases are to come before us at all, it is far better that they should be heard and decided at a time when they can be considered solely with reference to the constitutional provision, uninfluenced by fear of results on a pending election. Even if the apportionment statute should subsequently be held void, the members of the legislature actually elected by the people under its provisions would be officers *de facto,* and the validity of their action

in no way impaired. (*People* v. *White*, 24 Wend. 520;
*M'Instry* v. *Tanner*, 9 Johns. 135; *Parker* v. *Baker*, 8
Paige, 428.)

The appeals should be dismissed, without costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN,
WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Appeals dismissed.