OPINION OF THE COURT

Per Curiam.

The order of the Appellate Division should be affirmed, with costs.
*90 New York City may not, through Local Law No. 20 of the Local Laws of 1978 (Administrative Code of City of New York, §§ B49-4.0, B49-4.1, B49-4.2), make a residency requirement for municipal officers and employees applicable to members of its police, fire, correction and sanitation departments. As is conceded, the law as applicable to these persons is inconsistent with exemptions from municipal residency requirements contained in section 3 (subds 2, 2-a, 9) and section 30 (subds 4, 4-a, 5) of the Public Officers Law. Contrary to the city’s contention, these sections may not be superseded by local law under municipal home rule as they do not relate "to the property, affairs or government” of the city by "special law” (NY Const, art IX, § 2).
Home rule simply is not implicated when the Legislature acts in areas "other than the property, affairs or government of a local government” (NY Const, art IX, § 3, subd [a], par [3]). Under the limited meaning of this phrase, legislation of State import does not impinge upon municipal home rule simply because it touches matters that concern the affairs or property of the city (Adler v Deegan, 251 NY 467 [conditions of multiple dwellings]; see Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y., 46 NY2d 358 [maintenance of cultural institutions]). While the structure and control of the municipal service departments in issue here may be considered of local concern within the meaning of municipal home rule (see Matter of Osborn v Cohen, 272 NY 55 [duties and number of firemen, hours of work]), the residence of their members, unrelated to job performance or departmental organization, is a matter of State-wide concern not subject to municipal home rule. The city offers nothing to show the insubstantiality of the State’s interest in affording residential mobility to members of the civil service.
Nor are the provisions of the statute infirm because, although cast in general terms, they may affect less than all cities. A statute dealing with matters of State concern is no less general because it classifies the cities affected on the basis of population or some other condition and extends its benefits only to one or a few cities (see Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y., supra; Matter of McAneny v Board of Estimate & Apportionment of City of N. Y, 232 NY 377). What is required is that the classification be defined by conditions common to the class and related to the subject of the statute (cf. Farrington v Pinckney, 1 NY2d 74, 80-81; *91 Stapleton v Pinckney, 293 NY 330, 335). And, it has long been recognized that New York City and other large municipal centers might reasonably receive different treatment (see Matter of 241 East 22nd St. Corp. v City Rent Agency, 33 NY2d 134; Matter of McAneny v Board of Estimate & Apportionment of City of N. Y., 232 NY 377, supra). Thus, to the extent that Local Law No. 20 is inconsistent with the Public Officers Law, it cannot stand.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.